Johnny NARCISSE, Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden Louisiana State Penitentiary, Angola, La., Respondent-Appellee.

No. 84–4080.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1984.

Michael S. Fawer, New Orleans, La., for petitioner-appellant.

Michael Harson, Asst. Dist. Atty., Parish of Lafayette, Lafayette, La., for respondent-appellee.

Before POLITZ, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The application for a certificate of probable cause and a stay of execution is granted. Petitioner has raised questions regarding the adequacy of his appointed counsel's performance sufficient to warrant an evidentiary hearing and we hereby remand this case to the United States District Court for that hearing. At the hearing which we urge be concluded with dispatch, petitioner should be offered a full opportunity to develop evidence regarding his claims of ineffective assistance of counsel.

While we do not intend to confine the development of petitioner's claim of ineffective assistance of counsel at the hearing on remand, the focus of the argument before us, and the concern we now have, revolve around the failure to preserve the right to question the legality of the search, and the failure to adequately develop the mental state of petitioner at the time of the offense, including the presentation of allegedly available evidence of the effect at the time of the offense of the prior drug use testified to by petitioner. We express no opinion as to the ultimate merits of petitioner's claims.

We are persuaded of this course in part by the circumstance that this is petitioner's first federal habeas, there is no hint of writ abuse, no evidentiary hearing has been conducted to test petitioner's assertions in any court, state or federal, and the measure of constitutionally adequate counsel and relatedly the role of the harmless error principle are now before the United States Supreme Court in two cases argued on January 10, 1984. In sum in the unique posture of this case a remand is in the interest of both the

State and petitioner, because while we wait the decision by the Supreme Court this case will not languish but will be proceeding. With the factual questions laid to rest we can then apply the standards announced by the Supreme Court.

REMANDED.